UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00083-JSD |
| | ) | |
| PHELPS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Benjamin Daniels filed this civil action seeking relief under federal and state law for an allegedly unconstitutional search of his person, which occurred at Phelps County Jail in January 2023.  ECF No. 1.  Now before the Court are six motions filed by Plaintiff.  As discussed in detail below, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) will be granted and the filing fee will be waived.  Plaintiff's motion to amend (ECF No. 5) will be granted in part and denied in part.  Plaintiff will have fourteen (14) days to file an Amended Complaint in this matter.  Finally, Plaintiff's motion for appointment of counsel (ECF No. 2), motion to proceed under a pseudonym (ECF No. 4), motion for discovery (ECF No. 6), and motion for an extension of time to serve defendants (ECF No. 7) will all be denied.  Plaintiff is advised that the Court will review his Amended Complaint under 28 U.S.C. § 1915.

### Motion to Proceed *In Forma Pauperis* (ECF No. 3)

Plaintiff filed an 'Application to Proceed in District Court Without Prepaying Fees or Costs,' stating that he is self-employed and currently earning no income.  ECF No. 2 at 1. However, in 2024, Plaintiff brought in approximately $35,000.  In terms of assets, Plaintiff has

$800 in cash, and he owns a 2006 vehicle.  In terms of expenses, Plaintiff's spends over $1,200 monthly, and he has over $300,000 in medical and educational debt.  *Id.* at 2.  Having reviewed the financial information provided, the Court concludes that Plaintiff is unable to pay the filing fee.  *See* 28 U.S.C. § 1915.  As such, the motion will be granted, and the filing fee will be waived.  Of course, the Court may dismiss this case at any time if the Court determines that the allegation of poverty is untrue.  28 U.S.C. § 1915(e)(2)(A); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458-59 (8th Cir. 2000).

### Motion to Amend (ECF No. 5)

On March 20, 2025, approximately two (2) months after initiating this case and before any rulings by the Court, Plaintiff filed a motion to amend his Complaint.  ECF No. 5.  Plaintiff seeks to "correct a calendric error regarding the date of the incident" and to "add the addresses of certain defendants."  *Id.* at 1.  Plaintiff did not attach an amended pleading to his motion.  To the extent Plaintiff seeks to amend by interlineation (*i.e.*, by adding language to the pending complaint), the motion will be denied because such amendment creates confusion in the record, especially for the responding party.  However, as leave to amend should be freely given, the Court will grant Plaintiff's motion to the extent he seeks to amend his original complaint.  *See* Fed. R. Civ. P. 15. Plaintiff will have fourteen (14) days from the date of this Order to file an Amended Complaint.

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original Complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,

396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original Complaint or any supplements that are not included in the Amended Complaint will be deemed abandoned and will not be considered.

### Motion for Extension of Time to Serve Defendants (ECF No. 7)

Because Plaintiff is now proceeding *in forma pauperis*, or without prepayment of fees and costs, his pleadings are subject to an initial review. Initial review under 28 U.S.C. § 1915(e)(2) requires a Court to dismiss a complaint if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Once Plaintiff files his Amended Complaint, the Court will review the pleading under 28 U.S.C. § 1915(e)(2).

Proceeding *in forma pauperis* also means that "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (citing *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989)). As such, because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on service by the USMS. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). If process is issued after the Court reviews Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2), service will be done by the USMS. As such, Plaintiff does not need an extension of time to complete service on defendants. This motion will be denied as moot.

### Motion for Appointment of Counsel (ECF No. 2)

Plaintiff has also filed a motion for appointment of counsel. ECF No. 2. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right

– 3 –

to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves consideration of several relevant criteria, including the complexity of the legal issues and arguments, the ability of the indigent person to investigate the facts and present the claims, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Based on Plaintiff's detailed Complaint filing and the filing of multiple comprehensive motions for relief, he has been able to clearly present his claims and arguments to the Court. Furthermore, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

### Motion for Limited Discovery (ECF No. 6)

Plaintiff's motion for limited discovery requests an Order from the Court permitting limited discovery for the purpose of identifying unknown Doe defendants for service of process. ECF No. 6. As discussed above, Plaintiff will not need to execute service on defendants because he is proceeding *in forma pauperis*. However, Plaintiff is responsible for providing the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993);

– 4 –

*see also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). However, it is impermissible for Doe defendants to be unidentified and indeterminate in number. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Although Plaintiff names defendants "Does 1-10" in the caption of his Complaint, there are no allegations of wrongdoing by Doe defendants in his Complaint. ECF No. 1 at 1. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). If Plaintiff wants this case to proceed against any Doe defendant, he must make sufficient allegations against such defendant in his Amended Complaint and provide enough facts for the party to be ascertainable after discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

If Plaintiff's allegations against any Doe defendant in his Amended Complaint survive initial review under 28 U.S.C. § 1915, Plaintiff will have the opportunity to obtain information permitting him to identify the fictitious defendant during the discovery process, which will begin

after this Court's issuance of a Case Management Order. Once discovery materials have revealed the Doe defendant's name, Plaintiff can file a motion for substitution of party to properly identify the defendant's name and address for service.

As such, Plaintiff's attempt to engage in discovery at this stage of the litigation is premature. The Court has not yet reviewed the pleadings under 28 U.S.C. § 1915 and no Case Management Order has been entered by the Court to establish discovery deadlines. As such, Plaintiff's motion for limited discovery will be denied.

**Motion to Proceed Under Pseudonym (ECF No. 4)**

Finally, Plaintiff seeks to proceed in this action under a pseudonym "in order to preserve [his] constitutional right to privacy." ECF No. 4 at 4. Plaintiff does not state what pseudonym he would like to proceed under, but he argues that "because this case concerns matters of a highly sensitive nature"—that matter being the legality of a strip search[1] conducted upon his arrest in Phelps County in January 2023—he should be granted this relief. *Id.* 4-5.

"Neither the Eighth Circuit nor the Supreme Court has provided guidance regarding when a court should allow a plaintiff to proceed under a pseudonym." *Doe v. Washington Univ.*, 652 F.Supp.3d 1043, 1045 (E.D. Mo. 2023) (citations omitted). However, the Federal Rules of Civil Procedure create a presumption against allowing parties to use pseudonyms. *Id.* (citing Fed. R. Civ. P. 10(a) & 17(a)). In addition, anonymity of parties conflicts with the public's common law and First Amendment right to access judicial proceedings, which includes access to the identity of parties. *Id.* (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir.

---

[1] The Court notes that Plaintiff's Complaint is unclear as to whether defendants did a "strip search" and/or a "body cavity search" on Plaintiff in January 2023. He seems to be asserting that an X-ray which scanned Plaintiff while he was fully clothed constitutes a "body cavity search." *See* ECF No. 1 at 2. However, under the Missouri statute referenced by Plaintiff in his Complaint, a "'body cavity search' means the inspection of a person's anus or genitalia, including but not limited to inspections conducted visually, manually or by means of any physical instrument." Mo. Rev. Stat. 544.193(1). Plaintiff should clarify the type of search(es) conducted on him by defendants, in the allegations of his Amended Complaint.

2000)).  When a plaintiff commences an action in federal court, plaintiff "invites public scrutiny of the dispute and the proceeding."  *Chambliss v. Liberty Life Assur. Co. of Boston*, 2013 WL 5676486, at *2 (D. Minn. Oct. 18, 2013) (citation omitted).

Even though there is a presumption against proceeding anonymously, courts have allowed it in certain cases.  In cases involving "matters of a sensitive and highly personal nature," "courts apply a balancing test, weighing a variety of (non-exclusive) factors to determine whether the plaintiff 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'"  *Washington Univ.*, 652 F.Supp.3d at 1045 (citations omitted).  Factors considered by courts "include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing 'information of the utmost intimacy,' (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable."  *Id.* at 1046 (citations omitted).  Finally, court have required the party seeking anonymity to show "fear of severe harm" and "that the fear of severe harm is reasonable."  *Id.* (citations omitted).

Plaintiff here argues that he should be able to proceed under a pseudonym because the case involves matters of a sensitive nature, because he "is challenging government activity," and because Plaintiff has a "legitimate fear and/or social stigma" from the likelihood that the case will "have public notoriety."  ECF No. 4 at 5-9.

The decision whether to permit a plaintiff to proceed anonymously is within the court's discretion.  *W.G.A. v. Priority Pharmacy, Inc*., 184 F.R.D. 616, 617 (E.D. Mo. 1999); *Heather K. v. City of Mallard, Iowa*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995).  In this case, it is too late for Plaintiff "to proceed anonymously to protect his identity from public disclosure," because he initiated this action under his real name.  ECF No. 4 at 5.  Where the identity of a litigant has

already been revealed—such as in this case—courts have consistently found that any weight from factors in favor of pseudonymity "diminishes or evaporates entirely." *Id.*

After consideration of the above factors, the Court finds that Plaintiff should not be permitted to proceed using a pseudonym. The allegations in the Complaint involve a search of Plaintiff, but this action does not involve "information of the utmost intimacy." *Washington Univ.*, 652 F.Supp.3d at 1046. Furthermore, although Plaintiff argues that he is "attacking government activity," he is not actually challenging the validity of a state statute or policy. Instead, he is arguing that defendants did not comply with the state statute or policy. In addition, Plaintiff does not allege any reasonable fear of harm. Finally, Plaintiff has already "publicly 'outed' himself" by filing this case under his real name. *Id.* at 1047.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint [ECF No. 5] is **GRANTED in part and DENIED in part**. Plaintiff may not amend by interlineation, but he may file an Amended Complaint within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to serve defendants [ECF No. 7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for limited discovery [ECF No. 6] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's motion to proceed under a pseudonym

[ECF No. 4] is **DENIED.**

Dated this 12th day of May, 2025.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE